UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK COVELLO, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-0419 TLN CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

/////

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has also requested a 30-day extension of time. While it is not clear, it appears plaintiff seeks an extension of time to file objections to the court's May 1, 2020 findings and recommendations. So construed, that request will be granted.

Finally, plaintiff asks that the court order Assistant Attorney General Monica Anderson to assist plaintiff in locating 8 boxes of his personal property which are missing. The court has no authority to do this. The California Office of the Attorney General generally represents California Department of Corrections and Rehabilitation employees in civil actions. That office is not charged with investigating a prisoner's loss of property.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 12) is denied.

2. Plaintiff's motion for an extension of time (ECF No. 12) is granted. Plaintiff is granted 30 days from the date of this order to file objections to the court's May 1, 2020 findings and recommendations.

3. Plaintiff's request that the court order Assistant Attorney General Monica Anderson to assist plaintiff in locating 8 missing boxes of his personal property is denied.

Dated: June 16, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
lake0419.31+36